NO. 07-07-0142-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 20, 2007

_____

CAMERON CLAY FLATHERS, APPELLANT

V.

THE TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2006-599,811; HONORABLE PAULA LANEHART, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Pending before this Court is *Appellant's* (sic) *Motion for Dismiss*al.[1] The Department

alleges that Cameron Clay Flathers's *Notice of Appeal* was not timely filed and thus this

_____

[1]Although delineated as *Appellant's Motion for Dismissal,* the motion was in fact filed
by the Appellee, the Texas Department of Public Safety.

Court lacks jurisdiction over the appeal. The motion is opposed; however, Flathers did not file a response. We agree with the Department and dismiss this appeal.

On November 15, 2006, an administrative hearing was held on Flathers's contest to the Department's order to suspend his driver's license. The administrative law judge issued an order authorizing the Department to suspend Flathers's license, and Flathers appealed the decision to the County Court at Law. Sitting in an appellate capacity, on January 9, 2007, the court conducted a hearing which resulted in a judgment that the administrative law judge had not abused his discretion in ordering suspension of Flathers's driver's license.

The court's judgment was signed on February 2, 2007. On February 14th, Flathers filed a request for findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure. His notice of appeal was filed on April 9, 2007, sixty-six days after judgment was signed.

As a general rule, in order to invoke the jurisdiction of an appellate court the appellant must file a notice of appeal within 30 days after the judgment is signed. Tex. R. App. P. 26.1. However, Rule 26.1(a)(4) of the Texas Rules of Appellate Procedure extends the time in which to file a notice of appeal to ninety days after judgment is signed when a timely request for findings of fact and conclusions of law is filed. This rule, however, specifically limits application of the ninety-day deadline to those situations where

findings and conclusions either are required by the Rules of Civil Procedure or, if not required, *could properly be considered by the appellate court.* (Emphasis added).

Rule 296 of the Texas Rules of Civil Procedure provides that a party may request findings of fact and conclusions of law in any case tried in the district or county court after a conventional trial on the merits. The mere right to request findings of fact and conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and cannot be properly considered by the appellate court. *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997) (holding that a request for findings and conclusions did extend the time for perfecting an appeal where there was a factual dispute over explanations for alleged discovery abuse).[2] Where judgment is rendered as a matter of law, a party is not entitled to findings and conclusions. *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994) (explaining why a request for findings of fact has "no place" in a case concluded by summary judgment and why a request for findings and conclusions does not extend appellate deadlines pursuant to Rule 26.1(a)(4)).

---

[2] *See also Texas Dept. of Public Safety v. Alford*, 154 S.W.3d 133, 141 (Tex.App.–Waco 2004) (dissenting opinion concluding that the majority erred in suggesting that the Texas Department of Public Safety should have requested findings of fact and conclusions of law because findings and conclusions would not have been proper in an administrative appeal under the substantial evidence rule), *rev'd on other grounds*, 209 S.W.3d 101 (Tex. 2006).

A person whose driver's license has been administratively suspended may appeal the suspension by timely filing a petition in a county court at law in the appropriate county. Tex. Transp. Code Ann. § 524.041 (Vernon 2007). The appeal is not a trial *de novo*; but is, instead, limited to the record of the administrative hearing as certified by the State Office of Administrative Hearings. § 524.043. The trial court may order the presentation of additional evidence if it is satisfied that additional evidence is material and that there were good reasons for the failure to present that evidence before the administrative law judge. §524.043(b). In those cases where additional evidence is not received, the scope of review is limited to a determination of whether the substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence. Tex. Gov't Code Ann. § 2001.174 (Vernon 2000); *Texas Department of Public Safety v. Alford,* 209 S.W.3d 101, 103 (Tex. 2006).

Whether or not there is substantial evidence to support an administrative decision is a question of law. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000). The court that heard Flathers's appeal from the administrative decision to suspend his driver's license heard only arguments from counsel and did not hear additional evidence pursuant to § 524.043(b). Because there was no factual dispute presented to the trial court we conclude that Flathers's request for findings of fact and conclusions of law could not have properly been considered and thus, did not extend the time in which to file his notice of appeal. The notice was due on March 4, 2007, thirty days from the trial

4

court's February 2, 2007 judgment.  Tex. R. App. P. 26.1.  Flathers's notice filed on April 9, 2007, is untimely and deprives this Court of jurisdiction to consider his appeal.

Consequently, the appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice